USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/05/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
TRUSTEES OF THE DISTRICT COUNCIL NO. 9       :
PAINTING INDUSTRY INSURANCE FUND et al.,     :
:
Petitioners,         :          22-cv-06105 (LJL)
:
-v-               :          OPINION AND ORDER
:
PAL AMG INC.,                                :
:
Respondent.          :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Petitioners Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (collectively, "Trustees") and the District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-CIO ("DC 9" or the "Union" and with the Trustees, "Petitioners") move, pursuant to Federal Rule of Civil Procedure 56, to confirm an arbitral award entered by the Joint Trade Committee of the Painting and Decorating Industry ("Joint Trade Committee") against Respondent Pal AMG Inc. ("Respondent") on March 11, 2022. *See* Dkt. No. 1 ("Petition" or "Pet."); Dkt. No. 8 Respondent has not opposed the Petition.[1]  For the reasons that follow, Petitioners' motion is granted, the award is confirmed, and Respondent is ordered to pay the award plus interest and attorneys' fees and costs as further set forth in this opinion.

## BACKGROUND

The following facts are taken from Petitioners' Rule 56.1 statement and the other materials submitted in connection with the motion for summary judgment and are undisputed.

---

[1] Respondent was served with a copy of the Petition and summons on July 21, 2022, but has not appeared in this action. Dkt. No. 7.

The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act, 29 U.S.C. § 142, and Section 3(4) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4), and as further defined in Section 12 of the General Associations Law of the State of New York.  Dkt. No. 10 ¶ 1.

The Trustees are fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA.  The funds are established and maintained by various employers pursuant to the terms of the Union's collective bargaining agreements and Trust Indentures.  Dkt. No. 9 ¶ 4.

Respondent is a corporation duly organized and existing under the laws of the state of New York, with places of business in Brooklyn, New York, and Staten Island, New York, and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.  Dkt. No. 10 ¶ 2.

Respondent is a party to a Memorandum of Agreement ("MOA") made as of May 1, 2017 and expiring April 30, 2023, with a local of the Union,[2] which adopts and incorporates all of the terms and conditions of the Trade Agreement or Mainframe Agreement (the "CBA") between the Union and the Association of Master Painters & Decorators of New York Inc., the Association of Wall, Ceiling & Carpentry Industries of New York Inc., and the Window and Plate Glass Dealers Association.  Dkt. No. 2-2.  Pursuant to the MOA, Respondent became bound at all relevant times to the CBA, including its provision for the submission of disputes to final, binding decisions of the Union's Joint Trade Committee.  Dkt. No. 10 ¶ 3.

---

[2] The MOA is signed by Local Union # 1087 which is a local affiliate of Respondent that is comprised of members who perform glazier work under the MOA. Dkt. No. 2-1 at ECF p. 2 n.1.

Article IX, Section 2(C)(ii) of the CBA provides that "[i]t is the responsibility of every employer to submit weekly reports provided by the Union and designated or called 'Shop Steward Reports[.']  Failure to submit such reports will result in a fine of five hundred dollars ($500) for each missing report."  Dkt. No. 2-3, Art. IX, § 2(C)(ii).  In addition, Article 18, Section 11, Violation 8 of the MOA provides for a fine of $500 for each missing report for the failure to submit shop steward reports or remittance reports.  Dkt. No. 2-2, Art. XVIII, § 11.

A dispute arose between the Union and Respondent when Respondent failed to submit remittance reports for work covered by the MOA.  Dkt. No. 10 ¶ 4.  The Union filed a demand for arbitration, grievance and complaint, dated January 6, 2022, complaining that Respondent had failed to submit shop steward reports or remittance reports for 27 weeks and seeking penalties of $13,500 ($500 x 27).  *Id.* ¶ 5; Dkt. No. 2-4.  The Joint Trade Committee held a hearing on February 22, 2022, at which the Union was present but representatives of Respondent were absent.  Dkt. No. 10 ¶ 5; Dkt. No. 2-1.

On March 11, 2022, the Joint Trade Committee rendered its decision (the "Award") in favor of the Union.  Dkt. No. 10 ¶ 5; Dkt. No. 2-1.  The Joint Trade Committee found Respondent "guilty for failure to submit remittance reports, in violation of Article 18 Section 11 Violation 8 of the [MOA], and assessed $13,500 in fines."  Dkt. No. 2-1 at ECF p. 3; Dkt. No. 10 ¶ 6.  It directed that payment be made within ten days of receipt of the decision to the Joint Trade Committee.  Dkt. No. 2-1 at ECF p. 3; Dkt. No. 10 ¶ 7.

A copy of the Award was delivered to Respondent following the February 22, 2022 hearing.  Dkt. No. 2-5; Dkt. No. 10 ¶ 8.  A demand letter was served on Respondent following its failure to comply with the Award.  Dkt. No. 10 ¶ 9.  To date, Respondent has not complied with

the terms of the Award nor commenced an action seeking to vacate or modify the Award. *Id.* ¶¶ 10–11.

On July 18, 2022, Petitioners filed this Petition to confirm arbitration. Dkt. No. 1. On July 26, 2022, Petitioners filed an affidavit of service reflecting that service had been made on Respondent through the Secretary of the State of New York. Dkt. No. 7. Petitioners filed the instant motion for summary judgment on September 16, 2022, along with a declaration and affirmation in support of the motion, a Rule 56.1 statement, and a memorandum of law. Dkt. Nos. 8–12. Petitioners also filed a certificate of service reflecting that the motion had been served by first class mail on Respondent at its last known business address. Dkt. No. 13.

## DISCUSSION

A federal district court has subject matter jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA") to confirm an arbitration award. *See Gen. Drivers, Warehousemen & Helpers, Loc. Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963); *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998); *Harry Hoffman Printing, Inc. v. Graphic Commc'ns, Int'l Union, Loc. 261*, 912 F.2d 608, 612 (2d Cir. 1990); *see also Riverbay Corp. v. Serv. Emps. Int'l Union*, 2023 WL 2136423, at *4 (S.D.N.Y. Feb. 21, 2023). Venue is proper pursuant to 29 U.S.C. § 185(a), (c) because the Union maintains its principal office in this District. Dkt. No. 9 ¶ 3. The Court has personal jurisdiction over Respondent, which is incorporated in the State of New York and has its last known place of business in New York. *Id.* ¶ 5.

The Second Circuit has instructed that when a party submits an uncontested petition to confirm an arbitral award, the court should treat the petition and accompanying materials "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). The court must "examin[e] the moving

4

party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Id.* (quoting *1-800 Beargram Co.*, 373 F.3d at 244).

The burden on the petitioner who seeks to confirm an arbitral award is not onerous. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). Courts may not review an arbitrator's decision on the merits but may "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016).

Based on a review of the materials submitted by Petitioner and the applicable law, "there is no genuine dispute as to any material fact" and Petitioners are entitled to confirmation of the Award. Fed. R. Civ. P. 56(a).

First, Petitioner has provided evidence that the parties agreed to arbitrate their claim. Respondent was bound at all relevant times by the CBA which provides for the submission of disputes to final, binding decisions of the Joint Trade Committee. Dkt. No. 10 ¶ 3. The CBA provides in Article XIII, Section 3(a):

> The Joint Trade Committee and Joint Trade Board are empowered to hear and decide in arbitration as hereinafter provided, all grievances and disputes which arise between the parties as to the interpretation or application of this Trade Agreement and to make such awards or assess remedies, damages and penalties for violation

5

>of this Trade Agreement.  The Joint Trade Committee and Joint Trade Board shall have the authority to issue awards with respect to all grievances and disputes in any manner which they deem reasonable.  The Joint Trade Committee and the Joint Trade Board shall have all powers necessary to remedy complaints brought before them including, but not limited to (i) wages and contributions owed; (ii) liquidated damages; (iii) interest on monies due; (iv) attorneys' and auditors' fees; and (v) the cost and expenses of arbitration; and (vi) any fines and/or penalties imposed.

Dkt. No. 2-3, Art. XIII, § 3(a).  This dispute arose from Respondent's failure to submit remittance reports detailed in the MOA and required by the MOA and the CBA.  Dkt. No. 10 ¶ 4; Dkt. No. 2-2, Art. XVIII, § 11; Dkt. No. 2-3, Art. IX, § 2(C)(ii).  It thus falls within the scope of the CBA's broadly worded arbitration clause.  *See Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Piccini MNM, Inc.*, 2021 WL 1791591, at *2 (S.D.N.Y. May 5, 2021).

Second, Petitioner has provided evidence that Respondent failed to submit remittance reports as required of it by the MOA and the CBA.  In particular, at the hearing, the two representatives of the Union reported that Respondent failed to submit remittance reports for the period from May 16, 2021 through November 28, 2021.  Dkt. No. 2-1 at ECF p. 3.  Respondent had notice of the arbitration hearing but failed to appear or contest Petitioner's evidence.  *Id.* at ECF pp. 2-3.  The Joint Trade Committee thus deliberated and found Respondent guilty for failure to submit remittance reports in violation of Article 18, Section 11, Violation 8 of the MOA and assessed $13,500.00 in fines.  *Id.* at ECF p. 3; Dkt. No. 10 ¶¶ 6–7.

"Accordingly, there is much more than a 'barely colorable justification for the outcome reached.'"  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Morgan Marine LLC*, 2017 WL 11570458, at *3 (S.D.N.Y. Oct. 2, 2017) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992)); *see also Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. JB Squared Constr. Corp.*,

2020 WL 6825693, at *4 (S.D.N.Y. Nov. 19, 2020).  Further, despite being properly served, Respondent did not appear in this case to dispute any of the Joint Trade Committee's findings, nor did it dispute the content of the Award.  This Court is therefore obligated to confirm the Award.

Petitioners has also request reasonable attorneys' fees and costs expended to enforce the Award.  *See* Dkt. No. 12.  Petitioners request a total of $4,020.00 in attorneys' fees, reflecting 13.40 hours of work performed by an associate at Barnes, Iaccarino & Shepherd LLP ("BIS"), Lauren Kugielska, and $559.00 in costs.  *See id.* at 4.  Ms. Kugielska was admitted to this Court in 2014 and acted as lead counsel with respect to court filings.  *Id.* ¶ 5.  She seeks to be compensated at a rate of $300.00 per hour, which she represented to be the customary rate for associate attorneys at BIS.  *Id.*

The Court finds that Petitioners are entitled to attorneys' fees and costs incurred in connection with this petition.  "Courts . . . routinely award[] attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court."  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) (cleaned up) (quoting *Trs. of the N.Y.C Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013)).  Such an award may made pursuant to the Court's inherent equitable powers.  *See Drywall Tapers & Pointers of Greater New York Loc. Union 1974, IUPAT, AFL-CIO v. Bronx Base Builders, Ltd.*, 2019 WL 181214, at *4 (S.D.N.Y. Jan. 14, 2019), *report and recommendation adopted*, 2019 WL 1584979 (S.D.N.Y. Apr. 12, 2019).

However, the Court will not award the full amount of attorneys' fees requested by Petitioners. To calculate reasonable attorneys' fees, "district courts use the lodestar method—hours reasonably expended multiplied by a reasonable hourly rate." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). A reasonable hourly rate is a rate that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "[T]he reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Ortiz v. City of N.Y.*, 843 F. App'x 355, 359 (2d Cir. 2021) (quoting *Lilly v. City of N.Y.* 934 F.3d 222, 231 (2d Cir. 2019)). To assist the Court in determining the appropriate award, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). In support of Petitioners' request for attorneys' fees, Petitioners' counsel submitted the declaration of Ms. Kugielska detailing the hours she spent on the matter and an invoice for expenses incurred in connection with filing the action and serving Respondent. Dkt. No. 12.

The Court finds that 13.40 hours is greater than was necessary to prosecute this case. The records reflect that counsel spent .3 hours researching Respondent with the New York State Department of State in preparation for the filing of the summons and Petition, another .6 hours preparing and filing the Rule 7.1 statement in this Court (which certified that there were no parents, subsidiaries or affiliates of a party for the Court to evaluate for possible disqualification or recusal), .3 hours for forwarding the summons and Petition to the process server, and .6 hours

8

for preparing and filing the affidavit of service. Dkt. No. 12 ¶ 7. The amount of time spent on each of these simple administrative tasks is excessive. In addition, Counsel spent .6 hours reviewing client statements in preparation for the drafting and filing of the Petition, another 3 hours preparing and filing the Petition, and 8 hours preparing and filing the motion for summary judgment and supporting documents including the attorney affirmation. *Id.* Notably, the documents in support of the motion repeated much of the same material that was in the Petition itself. It was therefore not reasonable for counsel to spend an additional 8 hours on the motion. BIS also in past cases has spent considerably less time than 13.4 hours on the entire matter. *See Trustees of Dist. Council No. 9 Painting Indus. Ins. Fund v. United Structure Sol., Inc.*, 2023 WL 180044, at *3 (S.D.N.Y. Jan. 13, 2023) (billing eight hours for work on uncontested motion to confirm arbitral award); *Drywall Tapers & Pointers of Greater New York Loc. Union 1974, Affiliated with Int'l Union of Allied Painters & Allied Trades AFL-CIO v. Tiger Contracting Corp.*, 2022 WL 18859149, at *3 (S.D.N.Y. Dec. 7, 2022), *report and recommendation adopted*, 2023 WL 2186601 (S.D.N.Y. Feb. 23, 2023) (seeking compensation for 8.4 hours of work on uncontested motion to confirm arbitral award); *Dist. Council No. 9 Int'l Union of Painters & Allied Trades, A.F.L.-C.I.O. v. Future Shock Architectural Metals & Glass*, 2022 WL 17991624, at *3 (S.D.N.Y. Dec. 29, 2022) (8.4 hours of work). Counsel has offered no reason why this case should have taken significantly more time. The Court accordingly finds that, at most, eight hours of associate attorney time were reasonably incurred in litigating this case.

Regarding the hourly rate, "[c]ourts in this district have found that fees at a rate of $300 per hour are appropriate for petitions to confirm arbitration awards." *Future Shock Architectural Metals & Glass*, 2022 WL 17991624, at *3. With respect to Ms. Kugielska, specifically, courts in this District have most recently found that a rate of $300 an hour for her work on similar cases

was reasonable. *See id.* at *3 (finding rate of $300 for Ms. Kugielska per hour reasonable); *Tiger Contracting Corp.*, 2022 WL 18859149, at *3 (same); *Trustees of Dist. Council No. 9 Painting Indus. Ins. Fund v. Speedo Corp.*, 2022 WL 604678, at *4 (S.D.N.Y. Mar. 1, 2022) (same). The Court sees no reason to reach a contrary result here. Thus Court thus awards Petitioners' attorneys' fees at a rate of $300 per hour.

Based on the submitted time records and reduction in hours, these rates yield a total award of $2,400 in attorneys' fees. The Court also grants Petitioners' requested $559 in costs for the filing fee and the cost of service. *See Bronx Base Builders, Ltd.*, 2019 WL 181214, at *5 (stating that such costs are routinely permitted).

## CONCLUSION

For the reasons stated above, the motion for summary judgment is GRANTED and the Award is CONFIRMED. The Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of $16,459, consisting of (1) the arbitration award of $13,500; (2) $2,400 in attorneys' fees; and (3) $559 in costs. Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961. *See Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

The Clerk of Court is also respectfully directed to close the action.

SO ORDERED.

Dated: April 5, 2023  
      New York, New York                              LEWIS J. LIMAN  
                                                             United States District Judge